**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115434

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sean Wheeler, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Rothman Evans, P.C.,<br><br>Defendant. | Docket No: 5:18-CV-0587 (GLS/ATB)<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Sean Wheeler, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Rothman Evans, P.C. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Sean Wheeler is an individual who is a citizen of the State of New York residing in Madison County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Rothman Evans, P.C., is a New York Professional Corporation with a principal place of business in Onondaga County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 14, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

18. A collection letter must be crafted in such a way that the least sophisticated

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer would understand that (1) she could raise a dispute in many ways, but (2) she could get verification of the debt and the name and address of the original creditor only if she disputed it in writing. *See Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 258 (E.D.N.Y. 2013).

19. Section 1692g(a)(4) explicitly requires that a debt be disputed in writing. *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Litig.*, 208 F.R.D. 493, 502 (S.D.N.Y. 2002); *Goldberg v. Winston & Morrone, P.C.*, No. 95 CIV. 9282 (LAK), 1997 WL 139526, at *6 (S.D.N.Y. Mar. 26, 1997).

20. The Letter states, "IF YOU NOTIFY US WITHIN THE 30 (THIRTY) DAY PERIOD THAT THE DEBT OR ANY PORTION HEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL SUCH VERIFICATION OR COPY TO YOU." (All caps in original.)

21. The Letter fails to provide the required Section 1692g(a)(4) disclosure.

22. The Letter fails to provide the statement required by Section 1692g(a)(4).

23. The Letter fails to track the language required by Section 1692g(a)(4).

24. The Letter fails to mention the writing requirement of Section 1692g(a)(4).

25. The Letter fails to provide that Defendant's obligation to obtain verification and mail it to Plaintiff is only triggered if the Plaintiff disputes the debt in writing.

26. Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

27. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

29. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

30. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

31. Defendant's letter would likely make the least sophisticated consumer uncertain as to how she must notify Defendant to trigger Defendant's obligation to obtain and provide verification.

32. The Letter, for the reasons set forth, violates Section 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**CLASS ALLEGATIONS**

33.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter that states, ""IF YOU NOTIFY US WITHIN THE 30 (THIRTY) DAY PERIOD THAT THE DEBT OR ANY PORTION HEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL SUCH VERIFICATION OR COPY TO YOU," from one year before the date of this Complaint to the present.

34.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

35.     Defendant regularly engages in debt collection.

36.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter that states, ""IF YOU NOTIFY US WITHIN THE 30 (THIRTY) DAY PERIOD THAT THE DEBT OR ANY PORTION HEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND MAIL SUCH VERIFICATION OR COPY TO YOU."

37.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

39.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

40. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: May 16, 2018

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 115434